**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HARRY L. FRANKLIN,

                                        Plaintiff,

            - v -                                               Civ. No. 1:08-CV-801
                                                                        (GLS/RFT)

WARREN COUNTY D.A.'s OFFICE, *et al.*,

                                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

HARRY L. FRANKLIN
Plaintiff, *Pro se*
06-A-5981
Adirondack Correctional Facility
Box 110
Ray Brook, New York 12977

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                    <u>**REPORT RECOMMENDATION and ORDER**</u>

        The Clerk has sent to the Court for review a civil rights Complaint, pursuant to 42 U.S.C.

§ 1983, from *pro se* Plaintiff Harry L. Franklin, who is currently incarcerated at Adirondack

Correctional Facility. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma*

*Pauperis* and an Inmate Authorization Form. Dkt. Nos. 2-3. By his Complaint, Plaintiff asserts that

Kate Hogan, the District Attorney who criminally prosecuted him in Warren County Court, and John

Wappett, the Public Defender who represented him, violated Franklin's Fourteenth Amendment due

process right when they denied and/or prevented him from appearing before the grand jury. Franklin

also accuses Ms. Hogan of violating his right to a speedy trial. Lastly, Plaintiff asserts that the

Honorable John Hall, Jr., violated his Eighth Amendment right against excessive bail. For a

complete statement of Plaintiff's claims, reference is made to the Complaint.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws'

of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Plaintiff's § 1983 action is problematic on multiple fronts. First, he fails to state causes of action for which relief can be granted; second, he has named parties who are absolutely immune from suit; third, at least one party has not acted under color of state law; and, fourth, the entire action is barred by *Heck v. Humphrey*. We address each of these obstacles below.

Plaintiff claims his due process rights and his right to confront his accuser were violated when Defendants Hogan and Wappett impeded his ability to attend the grand jury proceedings. However, there is no federal constitutional right to testify before a grand jury, nor, for that matter, is there even a federal right to a grand jury in state criminal proceedings. *Burwell v. Supt. of Fishkill Corr. Fac.*, 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008) (citing, *inter alia*, *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972)). Aside from failing to state actionable constitutional claims, at least two of the named Defendants, Kate Hogan and Judge Hall, are absolutely immune from suit. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction"); *Collins v. Lippman*, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005) (judicial immunity applies to actions seeking monetary and injunctive relief); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (noting that prosecutors are absolutely immune from liability under § 1983 in matters involving the prosecution). And, with regard to Defendant Wappett, it is well-settled that parties may not be held liable under § 1983

unless it can be established that they have acted under the color of state law.  *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted).  Nowhere in his Complaint does Plaintiff allege that Mr. Wappett was acting under color of state law, and indeed, it is clear that a public defender, in representing an indigent client, is not acting under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (noting that a claim for ineffective assistance of counsel is not actionable in a § 1983 proceeding and further citing *Polk County* for the proposition that public defenders do not act under color of state law and are not subject to suit under § 1983).  We note that in the caption of his Complaint, Plaintiff names the Warren County D.A.'s Office and the Warren County Public Defenders, however, these entities are not listed under the "Parties" section of his Complaint, nor does he assert any facts or causes of action against such entities.  Because we find that the employees of these entities are not subject to suit under § 1983, it follows that, in the absence of any specific allegations of wrongdoing, no cause of action would ensue against these entities.

Aside from the litany of reasons stated above why this § 1983 action cannot proceed under 28 U.S.C. § 1915(e), Plaintiff's Complaint suffers from a more dire quandary.  Many of Plaintiff's claims herein resonate as challenges to his underlying conviction, namely, questioning the speediness by which he was brought before a grand jury, whether he was denied the right to confront his accusers in a grand jury, whether his own attorney hampered his ability to face such accusers,

and whether the judge imposed excessive bail.  To some extent, were any of these matters decided in Plaintiff's favor, it could call into question the validity of his underlying conviction for which he is currently serving time in prison.  The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction *or sentence* invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction *or sentence* that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994) (emphasis added).  In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for naming Defendants protected by absolute immunity, or, in the alternative, pursuant to the dictates of *Heck v. Humphrey*; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   October 10, 2008
         Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge