**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HARRY L. FRANKLIN,**

                **Plaintiff,**           No. 1:08-CV-801
                                                            (GLS/RFT)
              v.

**WARREN COUNTY D.A.'S OFFICE;**
**WARREN COUNTY PUBLIC**
**DEFENDERS; JUDGE JOHN HALL,**
**JR.,** *County Court Judge*; **JOHN**
**WAPPETT,** *Public Defender*; **KATE**
**HOGAN,** *Warren County District*
*Attorney*,

                **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**

HARRY L. FRANKLIN
*Pro Se*
06-A-5981
Adirondack Correctional Facility
Box 110
Ray Brook, NY 12977

**FOR THE DEFENDANTS:**

NO APPEARANCE ON RECORD

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

## **I. Background**

*Pro se* inmate Harry L. Franklin ("Franklin") brings this action against defendants alleging violations of his constitutional rights and seeking monetary damages under 42 U.S.C. § 1983. Specifically, Franklin asserts that Warren County District Attorney Kate Hogan ("Hogan") and Public Defender John Wappett ("Wappett") violated his due process rights during his state criminal prosecution because he was not provided a preliminary hearing or allowed to appear before the grand jury. Franklin further alleges that his Eighth Amendment right against excessive bail was violated by Judge John Hall ("Judge Hall").

On October 10, 2008, Magistrate Judge Randolph F. Treece granted Franklin's *in forma pauperis* application, and *sua sponte* addressed the sufficiency of his complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Judge Treece's report-recommendation[1] ("R&R") recommended that Franklin's complaint be dismissed because: 1) it fails to state a claim for which relief can be granted; 2) it names parties who are

---

[1]The Clerk is directed to append Judge Treece's report-recommendation, and familiarity therewith is assumed.

2

absolutely immune from suit or did not act under color of state law; and 3) the action is barred by *Heck v. Humphrey*. (Dkt. No. 6.) Pending are Franklin's timely objections to the R&R. (Dkt. No. 7.) For the reasons that follow, and those stated in the R&R, Franklin's complaint is dismissed in its entirety.

## II. Discussion

Before entering final judgment, this court reviews all report-recommendations in cases it has referred to a Magistrate Judge. If a party has objected to specific elements of the Magistrate Judge's findings and recommendations, the court reviews those particular findings and recommendations *de novo. See Green v. Foley,* No. 05-cv-0629, 2007 WL 3232268, at *1 (N.D.N.Y. Oct. 31, 2007) (citation omitted). Even in those cases where no party has filed an objection, or only a vague, general, and/or partial objection has been filed, the court reviews the unchallenged findings and recommendations of a Magistrate Judge under a clearly erroneous standard. *See id.*

Here, Franklin objects to Judge Treece's R&R on multiple grounds. Franklin contends that Wappett, Hogan and Judge Hall are all amenable to suit under § 1983 as state officials being sued in their official capacity. He

3

further asserts that *Heck* does not bar his claims because he is not challenging his conviction or sentence.  Finally, Franklin contends that his inability to appear before the grand jury or at a preliminary hearing, and Judge Hall's imposition of an excessive bail amount, violated his Fourteenth and Eighth Amendment rights.  The court reviews these objections *de novo*, and the remainder of the report for clear error.

Initially, the court notes that Franklin's Fourteenth Amendment claims are not cognizable under § 1983, as the factual basis for such claims - the lack of a preliminary hearing or appearance before the grand jury - do not implicate federal rights.  *See, e.g., Burwell v. Supt. of Fishkill Corr. Fac.*, No. 06 Civ. 787, 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008) (citing *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972)); *Bilbrew v. Garvin*, No. 97-CV-1422, 2001 WL 91620, at *9 (E.D.N.Y. Jan. 10, 2001) (citing *Gerstein v. Pugh*, 420 U.S. 103, 118-19 (1975); *Hurtado v. California*, 110 U.S. 516 (1884)).

Aside from this deficiency, Franklin's suit may not be maintained against Judge Hall or Hogan because they are entitled to absolute immunity in their personal capacities and sovereign immunity in their official capacities as state officials.  *See Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.

4

1994) (reciting that "[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction"); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (stating "that absolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate"); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (state officials sued under § 1983 in their official capacity are entitled to sovereign immunity); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) (holding that county D.A.'s are state officials for purposes of their prosecutorial decisions, not municipal officials); *Myers v. Cholakis*, No. 8:08-CV-126, 2008 WL 5147042, at *1 (N.D.N.Y. Dec. 5, 2008) (granting state judge sued in her official capacity sovereign immunity).  Additionally, Wappett is not amenable to suit in his personal capacity because public defenders representing indigent clients are not acting under color of state law, as required for liability to attach pursuant to § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).

    Finally, to the extent Franklin brings suit against the Warren County District Attorney's Office, the Warren County Public Defender's Officer, and

Wappett in their official capacities, his suit is in reality one against Warren County as a municipality.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).   However, Franklin's only potentially tenable claim here - that for excessive bail under the Eighth Amendment - is clearly stated solely against Judge Hall.  As the court has indicated, *supra*, Judge Hall and Hogan are considered state officials to the extent they are sued in their official capacity under § 1983 for their judicial and prosecutorial acts.  Thus Warren County, as a municipality, cannot be held liable for such acts. See *Baez*, 853 F.2d at 77 (finding that DA's prosecutorial actions were taken as state officer such that County could not be held liable for them).  Further, municipal liability lies under § 1983 only where constitutional injury is inflicted pursuant to a municipal policy or custom.  *See Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).  Accordingly, Franklin's claims of municipal liability also fail in the present instance because there is no indication that any of his federal rights were violated pursuant to a Warren County policy or custom.

### III.  Conclusion

For the reasons discussed above, Franklin cannot maintain suit against any of the named defendants in their personal or official capacities,

and his complaint must therefore be dismissed. Accordingly, the court finds it unnecessary to address Franklin's objections to Judge Treece's finding that the present action is barred by *Heck*.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge Treece's Report and Recommendation (Dkt. No. 6) is adopted to the extent it is consistent with this opinion; and it is further

**ORDERED** that this action is DISMISSED pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B); and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this matter would not be taken in good faith; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: January 21, 2009

*/s/ Gary L. Sharpe*
United States District Court Judge